IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
         Plaintiff, )
)
v. )   No. 07-10180-03
)
JOHN R. PERSAUD, )
)
         Defendant. )
)

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report and for sentencing. The court orally denied the objections at the sentencing hearing of November 20, 2009. This written memorandum will supplement the court's oral ruling.

    I. *Objections*.

    Objection No. 1 - Defendant objects to consideration of the assets listed in ¶ 334 because he contends the assets are owned solely by his spouse. After reviewing the PSR, the court concludes that it need not make a ruling on this objection, because the disputed matter will not be taken into account and will not affect the sentence. *See* Fed.R.Crim.P. 32(h)(i)(3).

    Objection No. 2 - Defendant's second objection is to the Special Condition of Supervision in ¶ 335 that he not use or obtain any credit without the prior approval of the probation officer. Defendant argues the offense did not involve any abuse of personal credit, and he contends the restriction is not warranted.

    The court may generally impose any of the discretionary conditions of probation in section 3563(b), and may impose any other condition that it considers to be appropriate, to the

extent that such condition (1) is reasonably related to the factors set forth in section 3553(a)(1) & (a)(2)(B)-(D);  (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B)-(D); and  (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).  18 U.S.C. § 3583(d).  *See United States v. Hanrahan*, 508 F.3d 962, 970 (10th Cir. 2007).

The court finds the credit restriction is reasonably related to the need to protect the public from further instances of fraud by the defendant, and also finds that it will enable the Probation Office to monitor the defendant's financial activities and assist in the collection of restitution. The restriction does not involve any greater restriction of liberty than necessary, is for a reasonable period of time, and is consistent with the policies of the Sentencing Commission.  *Cf*. USSG Ch. 7, Pt. A(4) ("the purpose of supervision for ... supervised release should focus on the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct.").  The objection is therefore denied.

<u>Objection No. 3</u> - The defendant also objects to the Condition of Supervision in ¶356, which provides that the defendant "shall not be employed in any capacity in which the defendant has discretionary authority over financial matters without the approval of the probation officer." Defendant argues such a restriction cannot be imposed absent more specific findings, and further points out that the restriction can only be imposed for the minimum time necessary.  (*Citing United States v. Wittig*, 528 F.3d 1280 (10th Cir. 2008)).

The court finds the restriction is appropriate.  Section 3563(b)(5) permits the court to impose an occupational restriction in circumstances such as this case.  The defendant has a prior history of engaging in fraudulent conduct, and the extensive course of fraudulent conduct in this

case shows a direct relationship between his involvement in discretionary financial matters and fraudulent conduct. He is likely to engage in such conduct again absent such a restriction. The condition of supervision is necessary to protect the public and to ensure that the defendant engages in a lawful occupation. The court further finds it is reasonable and necessary to apply this condition for the full three-year term of supervised release. The objection is therefore denied.

II. *Conclusion*.

The defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __23rd__ Day of November, 2009, at Wichita, Ks.

    s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge