IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-10180-03 |
| JOHN R. PERSAUD, <br> XXX-XX-6010 | ) |
| Defendant, | ) |
| v. | ) |
| AMERIPRISE FINANCIAL <br> Attn: Legal Dept. <br> 70100 Ameriprise Financial Center <br> Minneapolis, MN 55474, | ) |
| Garnishee-Defendant. | ) |

## Memorandum and Order

This matter is before the court on defendant John Persaud's Motion for Change of Venue in connection with a writ of garnishment, Doc. 376, and on the United States' objection to the garnishee's claim for a "surrender charge" of $700. Doc. 375. For the reasons stated below, the court concludes that Mr. Persaud's motion for change of venue should be denied. With respect to the United States' objection, the court will grant the garnishee Ameriprise Financial until May 17, 2010, to file a reply.

I. *Facts*.

Following Mr. Persaud's plea of guilty to one count of Conspiracy to Commit Wire Fraud and one count of Money Laundering, the court sentenced him to 60 months' imprisonment, three years of supervised release, restitution in the amount of $4,042,097.99, a

$200 special assessment, and a personal forfeiture money judgment in the amount of $3,075,536.30. Judgment was entered accordingly on November 23, 2009. Doc. 315.

On March 24, 2010, the Clerk issued a Writ of Continuing Garnishment to garnishee Ameriprise Financial, Doc. 360, based upon the United States' application asserting that the amount of $4,042,297.99 was still due and owing, that appropriate demand had been made but the debt had not been satisfied, and that the garnishee was believed to owe or will owe non-exempt money or property to the judgment debtor. The United States certified that it served the writ together with the required instructions by sending these and other materials to Mr. Persaud at the FCI in South Carolina where he is currently incarcerated.

The garnishee Ameriprise answered on April 5, 2010, stating that it held an annuity in the amount of $21,117 in which the debtor held a 100% interest. Doc. 369. It also listed a $700 "surrender charge" under a column for any additional amounts the garnishee anticipated owing the debtor, although the Government's response indicates that an Ameriprise representative said the garnishee actually intended to charge this amount against the debtor's account as a fee for liquidating the annuity. Doc. 375.

On April 19, 2010, Mr. Persaud filed a request for change of venue to the U.S. District Court for the District of South Carolina "[s]ince the Defendant presently resides in Estill, South Carolina." Doc. 376. He further requested that all deadlines be stayed until after a change of venue, stating that he would be requesting a hearing regarding the garnishment once the change of venue had been granted. *Id*.

The United States objects to defendant's request for change of venue, arguing the defendant's incarceration in South Carolina does not make him a resident of that state.

2

Moreover, even if it did, the United States argues that the mandatory venue transfer provision of 28 U.S.C. § 3004(b)(2) is inconsistent with 18 U.S.C. §§ 3611-15, which gives a sentencing court jurisdiction to see that a defendant carries out the financial obligations imposed by a judgment.[1]  Finally, the United States argues that Mr. Persaud has failed to file an objection to the writ of garnishment or to timely request a hearing, and it contends he is now out of time to do so.

With respect to Ameriprise Financial's proposed setoff charge of $700, the United States argues that the charge should be denied because it is not authorized by statute or case law.

II.  *Discussion*.

Mr. Persaud apparently relies on 28 U.S.C. § 3004 of the Federal Debt Collection Procedures Act, which provides in part that writs issued under this chapter may be enforced nationwide by the court issuing the writ, but "[i]f the debtor so requests, within 20 days after receiving the notice described [by statute] the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides."

The court concludes that defendant Persaud's motion to transfer this matter to South Carolina should be denied.  Although there is some case law to the contrary, the weight of authority holds that for purposes of venue provisions, prisoners are generally deemed to be residents not of their place of incarceration, but of their place of domicile immediately before

---

[1] Section 3001(b) of Title 28 provides that if other federal law provides procedures for recovering on a judgment, those other procedures apply if they are inconsistent with the Federal Debt Collection Procedures Act. Moreover, §3003(b) provides in part that this chapter shall not be construed to curtail or limit the right of the United States under any other federal law to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case.

their incarceration.  *See Keys v. Dept. of Justice*, 288 Fed.Appx. 863 (3rd Cir. 2008); *Harris v. Lappin*, Not Reported in F.Supp.2d, 2008 WL 4371503 (N.D. Va. 2008). *See also Brimer v. Levi*, 555 F.2d 656, 657-58 (8th Cir.1977); *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir.1972).  Judge Rogers in this district previously adopted the majority view in *Bailey v. United States*, 1992 WL 331320 (D. Kan., Oct. 23, 1992).  *See also Turner v. Kelley*, 411 F.Supp. 1331, 1332 (D. Kan. 1976) ("residence involves some choice, again like domicile, and ... presence elsewhere through constraint has no effect upon it.") (citation omitted).  The court concludes that the same rule should be applied here.  Mr. Persaud's residence prior to his incarceration was in Florida, and the mere fact that the Bureau of Prisons has currently designated him to a facility in South Carolina does not make the latter state the "district in which the debtor resides" for purposes of venue under § 3004(b)(2).[2]

Mr. Persaud has not filed an objection to the Writ of Garnishment, he has not claimed any applicable exemption from garnishment, nor has he requested a hearing, despite the fact he was provided with instructions and a form to make such requests.  Instead, he has stated his intent to file such matters at some future date after disposition of his request for change of venue.  Section 3205(c)(5) gives the debtor 20 days after receipt of the answer to object or to request a hearing.  That time has passed.  To the extent Mr. Persaud's motion can be considered a motion for extension of time to respond or request a hearing, the court concludes that it should be denied.  Mr. Persaud has identified no reason for an extension of time other than the fact that his

---

[2] In view of the above finding, the court need not address whether transfer under § 3004(b)(2) is inconsistent with other federal provisions, including the Mandatory Victims Restitution Act.  *Compare United States v. Tedder*, 2004 WL 415270 (W.D. Wis. 2004) *with United States v. Nash*, 175 F.3d 440 (6th Cir. 1999).

status as a pro se inmate sometimes causes "delay[ed] responses." His brief discloses no reason why he could not have timely asserted any legitimate objection to the garnishment or requested a hearing. Moreover, the United States points out that as part of his plea agreement in this case, Mr. Persaud agreed to transfer to the United States all of his right, title and interest in all of the real and personal property listed in the Forfeiture Allegation of the Third Superseding Indictment, which apparently included the Ameriprise account that is the subject of the instant garnishment. Mr. Persaud's motion for change of venue is denied.

As for the United States' objection to the answer of the garnishee, the United States has not requested a hearing on the objection. The court will grant the Garnishee Ameriprise until May 17, 2010, to file a reply to the United States' objection and to state whether Ameriprise requests a hearing on the objection. If no hearing is requested, the court will rule on the objection based on the record before it.

III. *Conclusion.*

Defendant John R. Persaud's Motion to Change Venue (Doc. 376) is DENIED.

The United States' Objection to Answer of the Garnishee Ameriprise Financial (Doc. 375) is taken under advisement. Garnishee Ameriprise Financial is granted until May 17, 2010, to file a reply to the objection and to state whether it requests a hearing on the objection.

IT IS SO ORDERED this 6th Day of May, 2010, at Wichita, Ks.

                                                  s/Wesley E. Brown
                                                  Wesley E. Brown
                                                  U.S. Senior District Judge